## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN ERIC SCOTT | : | |
| Petitioner | : | |
| v | : | Civil Action No. PJM-05-698 |
| THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.* | : | |
| | : | |
| Respondent | | |

. . . . .o0o. . . . .

### **MEMORANDUM**

The above captioned Petition for Writ of Habeas Corpus was filed on March 11, 2005, raising a challenge to the legality of his current detention by United States Immigration and Customs Enforcement (ICE)[1]. Pursuant to this Court's Order to Show Cause, Respondent has filed an answer seeking dismissal of the petition because Petitioner has not yet been subjected to an order of deportation. Paper No. 5. Petitioner has contacted this Court requesting that the Petition for Writ of Habeas Corpus be held in abeyance because he is currently scheduled for a deportation hearing on May 23, 2005. Paper No. 6. For the reasons that follow, the Petition shall be dismissed without prejudice.

Petitioner alleges that the order for deportation is illegal, because Respondent failed to comply with the notice requirement of 8 U.S.C. § 1229a, and counsel who attended Petitioner's hearing should not have been recognized as his attorney. Paper No. 4 at p. 2.

---

[1] At the time the Petition was filed, Petitioner was being detained at the Dorchester Detention Center in Cambridge, Maryland. Petitioner has now been transferred to Passaic County Jail in Patterson, New Jersey and is scheduled for a new hearing to determine whether or not he is subject to removal. Paper No. 6.

Although Petitioner was subject to a deportation order previously, that order has been reopened and vacated. Paper No. 5 at Ex. C. Whether or not Petitioner is deportable has, therefore, not been determined. Under 8 U.S.C. §1105a, a petition for review may only be filed after issuance of a final deportation order, and this Court may not review an order of deportation until administrative remedies available under the immigration laws have been exhausted. This Court lacks jurisdiction to review a deportation proceeding that has yet to be determined by the proper administrative authority. The instant Petition for Writ of Habeas Corpus, alleging that Petitioner is not subject to removal, has been filed prematurely and must be dismissed without prejudice. A separate Order follows.

May 20, 2005                                             /s/
                                            PETER J. MESSITTE
                                            UNITED STATES DISTRICT JUDGE